IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| MALCOLM BURDITT, RASHON BRENT, and OCTARIOUS WILSON | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | C.A. NO. 1:14-cv-00665 |
| COORS OF AUSTIN, L.P., and COORS OF AUSTIN, G.P., L.L.C., both D/B/A/ CAPITOL BEVERAGE COMPANY | § § § § § § | **JURY DEMANDED** |
| Defendants. | § § | |

**COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiffs, MALCOLM BURDITT, RASHON BRENT, and OCTARIOUS WILSON, file this Complaint and Jury Demand against Defendants COORS OF AUSTIN, L.P. and COORS OF AUSTIN, G.P., L.L.C., alleging willful violation of the Fair Labor Standards Act, as amended, 29 U.S.C. §216(b). For causes of action, Plaintiffs would show the Court as follows:

**I.
PARTIES**

1. Plaintiff MALCOLM BURDITT is a resident of Travis County, Texas.

2. Plaintiff RASHON BRENT is a resident of Travis County, Texas.

3. Plaintiff OCTARIOUS WILSON is a resident of Travis County, Texas.

4. Defendant COORS OF AUSTIN, L.P. is an entity which may be served with process through its registered agent, Edward S. Butler, at the following address: 10300 Metropolitan Drive, Austin, Texas 78758.

5. Defendant COORS OF AUSTIN, G.P., L.L.C., is an entity which may be served with process through its registered agent, Edward S. Butler, at the following address: 10300 Metropolitan Drive, Austin, Texas 78758.

6. Defendants Coors of Austin, L.P and Coors of Austin, G.P., L.L.C. are liable to Plaintiffs as their employer, joint employer, and because they are a single integrated business enterprise.

## II.
## JURISDICTION & VENUE

7. Jurisdiction is conferred on this Court under 28 U.S.C. § 1331 and under 29 U.S.C. § 216(b). At all times pertinent to this Complaint, Defendants were an enterprise engaged in interstate commerce, and/or regularly owned and operated businesses engaged in commerce or in the production of goods for commerce as defined by §3(r) and 3(s) of the Act, 29 U.S.C. § 203(r) and (s). Additionally, Plaintiffs were individually engaged in commerce and their work was essential to Defendants' business. Venue is proper in this district under 28 U.S.C. § 1391.

## III.
## STATEMENT OF FACTS

8. Plaintiff Malcolm Burditt was hired by Defendants on March 29, 2012, as a Merchandiser. Mr. Burditt remained employed as a Merchandiser until August of 2013.

9. Plaintiff Rashon Brent was hired by Defendants on March 29, 2012, as a Merchandiser. Mr. Brent is still employed by Defendants as a Merchandiser.

10. Plaintiff Octarious Wilson was hired by Defendants on June 25, 2013, as a Merchandiser. Mr. Wilson is still employed by Defendants as a Merchandiser.

11. During Plaintiffs' employment with Defendants, they served as a Merchandisers. Their duties involved servicing Defendants' customers, who were establishments that sold beer.

Specifically, their job duties included taking beer from the back-stock areas of stores and restocking the beer coolers in the front part of the store, restocking displays, keeping the back-stock area clean and organized, and assisting drivers in taking beer off of trucks.

12. During one or more weeks of Plaintiffs' employment with Defendants, Plaintiffs worked in excess of forty (40) hours per week. During one or more weeks of Plaintiffs' employment with Defendants wherein Plaintiffs worked overtime hours, Defendants failed to pay Plaintiffs one and one-half times their regular rates of pay for each overtime hour worked.

## IV.
## CAUSE OF ACTION – VIOLATION OF THE FLSA

13. The acts described above violate the Fair Labor Standards Act, which prohibits the denial of overtime compensation for hours worked in excess of forty (40) per workweek unless the employee meets one of the exceptions from overtime provided for in the Act. Based on their job duties Plaintiffs did not qualify for any such exemption. Defendants committed these violations willfully.

## V.
## DAMAGES

14. As a result of Defendants' unlawful conduct, Plaintiffs are entitled to actual and compensatory damages, including the amount of overtime which Defendants failed to pay Plaintiffs.

15. Section 216(b) of the FLSA provides that any employer who violates the statute shall be liable for unpaid overtime and an additional equal amount as liquidated damages. Therefore, Plaintiffs seek an award of liquidated damages in an equal amount as the amount of unpaid overtime pay.

16. Plaintiffs further seek liquidated damages as a result of Defendants' willful failure and refusal to pay overtime in violation of Section 7 of the FLSA, 29 U.S.C. § 207.

17. Plaintiffs also seek compensation for the out of pocket expenses and costs of court they will have incurred in this action, as well as reasonable and necessary attorneys fees. *See* 29 U.S.C. § 2016(b).

## VI.
## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiffs request that:

a. The Court assume jurisdiction of this cause and that Defendants be cited to appear;

b. The Court award damages to Plaintiffs as specified above;

c. The Court award reasonable and necessary attorneys fees, expert fees, and costs; and

d. The Court award pre- and post-judgment interest at the highest rates allowed by law.

Plaintiffs further pray for all such other relief as the Court may find proper, at law or in equity.

Plaintiffs request a trial by jury of all issues and facts in this case.

Respectfully submitted,

THE LAW OFFICES OF KELL A. SIMON
902 East Fifth Street, Suite 207
Austin, Texas 78702
(512) 898-9662 Telephone
(512) 368-9144 Facsimile


s/   Kell A. Simon
Kell A. Simon
State Bar No. 24060888
ATTORNEY FOR PLAINTIFF